## Altoona City *v.* Silverman, Appellant.

*Appeals—Where appellant is not a party in interest—Stakeholder.*

Where on an appeal it appears from the record that the appellant had no interest in the fund in controversy, and that such fund had merely been held by her attorney as a stakeholder to pay out to other parties on the determination of litigation, the appeal will be dismissed.

374 ALTOONA CITY *v.* SILVERMAN, Appellant.

Statement of Facts—Opinion of the Court. [52 Pa. Superior Ct.

Argued Oct. 30, 1912. Appeal, No. 112, Oct. T., 1912, by defendant, from order of C. P. Blair Co., March T., 1908, No. 49, J. D., discharging rule to strike off lien and judgment in case of Altoona City v. H. and A. Silverman. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Appeal dismissed.

Rule to strike off lien and judgment for taxes.

From the record it appeared that Frederick A. Metzger owned certain real estate in the city of Altoona. He contracted to sell the land to H. and A. Silverman who paid a small portion of the purchase money. Subsequently, Metzger discovered the existence of a lien and judgment for taxes against the land. An amount sufficient to pay the amount of the judgment was paid by Metzger to J. F. Vaughn, Esq., attorney for Amelia Silverman, to await the determination of a rule taken to strike off the lien. The material portions of the record, relating to the fund are quoted in the opinion of the Superior Court. The court discharged the rule to strike off the lien and judgment, and H. and A. Silverman took this appeal.

*Error assigned* was the order of the court discharging the rule to strike off the judgment.

*W. I. Woodcock*, of *Woodcock & Woodcock*, for appellant.

*Thomas C. Hare*, for appellee.

OPINION BY ORLADY, J., February 27, 1913:

We must dispose of this case on the record as made by the parties. The alleged irregularities in regard to the entry of the lien and service of the scire facias are not material so far as this appellant is concerned. The petition for the rule to strike off the lien concluded with a prayer "to pay the amount of money involved into the hands of J. F. Vaughn, Esq., to await the result of the litigation, and if said lien be stricken off, then the said

money to be paid out to your petitioner (Frederick A. Metzger), otherwise the legitimate amount of said lien and judgments thereon together with the cost thereon to be paid over to the city of Altoona." There is no averment that the taxes were wrongly assessed, or they had ever been paid, nor were any facts presented appealing to the equitable powers of the court.

Frederick A. Metzger the petitioner paid to Vaughn, attorney for Amelia Silverman, the amount of money involved in the case, who filed of record an agreement which stipulated that, "which sum is impounded in my hands as attorney for Amelia Silverman, to await the determination of the application of the petition and rule to strike off the judgment and lien. If the lien is sustained, said fund is to be paid to the city of Altoona; if the rule to strike off is made absolute, the same is to be refunded to Frederick A. Metzger."

The appellant is Amelia Silverman, who, as shown by the record is not interested in the subject-matter in controversy; her nearest approach to it being that her attorney Mr. Vaughn is the stakeholder of the fund, who on final disposition of the case is to pay it either to Frederick A. Metzger, or to the city of Altoona, as may be directed by the court.

The funds of Amelia Silverman are not involved, for the money which remains in the possession of her attorney as stakeholder in the event of reversal, is the property of Metzger, and in the event of an affirmance of the judgment, is the property of the city of Altoona.

The appeal is dismissed.